

Yasin Daneshfar
Senior Attorney
Phone: 954.985.4177  Fax: 954.985.4176
ydaneshfar@beckerlawyers.com

Becker & Poliakoff
1 East Broward Blvd.
Suite 1800
Ft. Lauderdale, FL 33301

August 22, 2022

**Via CM/ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
Application granted.  SO ORDERED.

Aug. 23, 2022    /s/ John G. Koeltl
New York, NY    John G. Koeltl, U.S.D.J.
```

**Re:** *Body Glove IP Holdings, LP v. Exist, Inc and Joshua Glickman*; No. 21-cv-1181
Motion to Continue to Seal Confidential Documents

Dear Judge Koeltl:

Under the Court's Individual Practices Section VI(2), on behalf of Plaintiff Body Glove IP Holdings, LP ("Body Glove"), we are writing to respectfully request the Court continue to allow certain exhibits attached to Defendants Exist, Inc. ("Exist") and Joshua Glickman ("Glickman")'s motion for summary judgment to remain under seal. In support of this motion letter, Body Glove will first provide the relevant background facts, and then present the Court with the legal authorities.

### RELEVANT FACTUAL BACKGROUND

Body Glove owns and licenses its sole asset to licensees: its registered mark and logo. Through years of experience and marketing analysis, Body Glove has developed a specific process to have consistent designs across the licensed products manufactured by different licensees to protect the brand. Body Glove has also developed specific guidelines as to how each licensee will design the products, use the mark, and obtain Body Glove's approval. Further, Body Glove which has over 30 licensees across the world, has developed unique ways to manage the licensees, including their products, distributions channels, and target markets.

As part of the licensing process, Body Glove provides each licensee with multiple guidelines, including marketing and advertising guides. The parties then engage in communications during which Body Glove provides feedback about a design until that design matches Body Glove's standards. That information provided to the licensees are sensitive, competitive, and proprietary information.

On August 19, 2022, Exist and Glickman moved for Final Summary Judgment against Body Glove. [D.E. 35.] The following exhibits attached to the summary judgment motion contain proprietary information:

August 22, 2022
Page 2

- Exhibit 5 is correspondence between the parties reflecting the approvals of a proposed product. It reveals the approval process.

- Exhibits 10 and 12 are a licensing agreement with a third party; Exhibit 11 contains testimony regarding those documents. The agreement and the amendment contain confidential information such as the third party's product lines, market, and the compensation and royalties. The agreements bear the "Attorneys' Eyes Only" designation.

- Exhibit 13-18 concern the process Body Glove utilizes to manage different licensees.

- There are also portions of the statement of facts and summary judgment (the "Excerpts") relating to, and discussing, the above exhibits.

The exhibits attached to the Motion contain proprietary and confidential information. The exhibits were produced with "Confidential Designation," or "Attorneys' Eyes Only" in compliance with the Court's Protective Order dated September 2, 2021. [D.E. 17.] Body Glove is therefore requesting the Court allow the exhibits and the portions of the summary judgment motion and the statement of facts to remain sealed.

### ARGUMENT

Federal Rule of Civil Procedure protects any party's trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 26 (c)(1)(G). While the public and the press have a qualified First Amendment right to access judicial documents and proceedings, that right may be overcome in certain circumstances, allowing a court to permit a party to file documents under seal. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). A party may overcome that qualified right by demonstrating that closure is essential to preserve higher value and is narrowly tailored to serve that interest. *Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 116CV04762LTSKNF, 2022 WL 1450737, at *2 (S.D.N.Y. May 9, 2022).

In the context of business documents like those at issue in this case, a party may overcome the presumption of access upon a showing of higher value such as the protection of sensitive, competitive, or proprietary business information. *Hartford Courant Co.*, 380 F.3d at 91-92. A valid need to protect confidentiality of proprietary business information provides a legitimate basis to rebut the public's presumption of access to judicial documents. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). The business information may include internal analyses, business strategies, or customer negotiations. *Id.*

More importantly, when the information involved relates to agreements with third parties, courts have found that such agreements should be sealed. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *6 (S.D.N.Y. July 15, 2015). In *Refco*, the document involved was a licensing agreement between a party to the suit and a third party. *Id.* There the court found that allowing documents containing confidential information

August 22, 2022
Page 3

concerning business relationship between a party and a non-party warranted sealing the agreement. *Id.*

Applying the governing law to the exhibits and the Excerpts at issue in this case, continued sealing is warranted. The documents contain confidential, proprietary information related to Body Glove's protected mark. They include the way Body Glove provides feedback and the process with which it approves the products. They also include information concerning an agreement with a non-party. This information is not available to the public and is only available to a licensee after execution of a licensing agreement.

Body Glove operates in a very competitive market. A disclosure of the information will make it available to commercial competitors seeking an advantage in that competitive marketplace. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3. The disclosure of the information therefore could leave Body Glove at a competitive disadvantage and cause irreparable harm. The protection of Body Glove's confidential information justifies sealing. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, No. 08-4922, 2009 WL 2778447, at **2 (2nd Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.").

The documents to be sealed should be narrowly tailored to serve the interest of protecting Body Glove's confidential business information. *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 121 (2d Cir. 2006). The request is only tailored to protect its proprietary information. Any interest the public may have in these documents is far outweighed by the competitive harm Body Glove would suffer as a result of their disclosure.

## CONCLUSION

For the foregoing reasons, Body Glove respectfully requests the Court seal Exhibits 5, 10-17, the unredacted version of Defendants' motion for summary judgment, and statement of facts.[1]

Respectfully submitted,

Yasin Daneshfar, Esq.

cc: Mr. Brian Grossman

---

[1] Body Glove's request is unopposed. Exist and Glickman have stated in their letter to the Court that they take no position as to whether the documents should be filed under seal. [D.E. 37 ¶ 7.]

22363823v.2